UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12-cv-169-RJC

| | |
|---|---|
| GREGORY LAMONT BULLARD EL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| ROBERT LEWIS, ) | |
| SUSAN WHITE, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on what Plaintiff labels as an action under 42 U.S.C. § 1983. (Doc. No. 1). According to the website of the North Carolina Department of Public Safety ("DPS"), Plaintiff is a state prisoner serving a life sentence for second degree murder and he is housed in the Mountain View Correctional Institution. Plaintiff was convicted on December 4, 1997, and was admitted into DPS custody on December 4, 1997, and it appears that he has been incarcerated since that time.

Plaintiff contends that he is a Moorish American National who has been denationalized and is being held captive by the DPS. Plaintiff maintains that as he is a Moorish person, no jurisdiction can be rendered over him by the DPS. Plaintiff moves the Court for an order discharging him from the custody of the DPS and requests reparation in the form of 40 acres and a mule, $125,000,000, and to have all of his rights restored. Plaintiff asks that he be appointed counsel in the event this case is not settled. (Id. at 4).

Plaintiff does not challenge the facts of his conviction for second degree murder, rather he only challenges the State of North Carolina's jurisdiction to prosecute and detain him which

1

is a claim actionable under 28 U.S.C. § 2254. However, before the Court may re-characterize Plaintiff's complaint as a petition for habeas corpus, it must notify Plaintiff of the difficulties he will face if he wishes to later file another habeas petition and give him an opportunity to contest the re-characterization or withdraw his complaint. Castro v. United States, 540 U.S. 375, 382 (2003); Rivenbank v. Virginia, No. 08-1395, 2008 WL 5424074, at *1 n.* (4th Cir. Dec. 30, 2008).

28 U.S.C. § 2244 requires courts to dismiss any "claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application." Further:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> **(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Id. Thus, it will be significantly more difficult for Plaintiff to file another 2254 petition if the Court construes his complaint as a habeas petition. Plaintiff has fourteen (14) days from the date of this Order to contest re-characterization of his complaint or to inform the Court that he would

2

Case 1:12-cv-00169-RJC   Document 7   Filed 08/16/12   Page 2 of 3

like to dismiss this suit. Should Plaintiff fail to respond to this Order, the Court will re-characterize his complaint as a 2254 petition and proceed to preliminary review under Rule 4 of the Rules Governing § 2254 Cases. See 28 U.S.C.A. foll. § 2254.

**IT IS, THEREFORE, ORDERED** that Plaintiff has fourteen (14) days from the date of this Order to contest re-characterization of his complaint as a 2254 petition or to inform the Court that he would like to dismiss this suit.

Signed: August 13, 2012

Robert J. Conrad, Jr.
Chief United States District Judge