UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12-cv-169-RJC

| | |
|---|---|
| GREGORY LAMONT BULLARD EL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| ROBERT LEWIS, ) | |
| SUSAN WHITE, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on what Plaintiff labels as an action under 42 U.S.C. § 1983. (Doc. No. 1). According to the website of the North Carolina Department of Public Safety ("DPS"), Plaintiff is a state prisoner serving a life sentence for second degree murder and he is housed in the Mountain View Correctional Institution. Plaintiff was convicted on December 4, 1997, and was admitted into DPS custody on December 4, 1997, and it appears that he has been incarcerated since that time.

Plaintiff contends that he is a Moorish American National who has been denationalized and is being held captive by the DPS. Plaintiff maintains that as he is a Moorish person, no jurisdiction can be rendered over him by the DPS. Plaintiff moves the Court for an order discharging him from the custody of the DPS and requests reparation in the form of 40 acres and a mule, $125,000,000, and to have all of his rights restored. Plaintiff asks that he be appointed counsel in the event this case is not settled. (Id. at 4). Plaintiff's claim, such as it is, is one challenging the fact of his detention, not the conditions under which he is being detained. Plaintiff's action is actually one for habeas corpus.

1

The Court notified Plaintiff that it intended to reclassify his suit as a 2254 habeas petition on August 16, 2012 pursuant to Castro v. United States, 540 U.S. 375 (2003). (Doc. No. 7). The Court invited Plaintiff to either contest re-characterization or dismiss his suit. (Id.). Plaintiff did neither. Instead he "moves now to have Court proceed with claim as it stands." (Doc. No. 9). This, the Court cannot do. Plaintiff's claims challenge the validity of his incarceration and sound in habeas. The Court will examine his suit accordingly.

Rule 4 of the Rules governing cases under 28 U.S.C. § 2254 directs district courts to promptly examine habeas petitions. 28 U.S.C.A. foll § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id. Following this directive, the Court has reviewed the instant Petition and determined that it must be dismissed.

Petitioner's argument that the DPS, or State of North Carolina, cannot lawfully exert jurisdiction over him because he is a Moorish American is nonsense. Plaintiff does not challenge the fact of his conviction, rather he only challenges the State of North Carolina's jurisdiction to prosecute and detain him. This argument has been flatly rejected by numerous courts. In United States v. Burris, 231 F. App'x 281 (4th Cir. 2007) (unpublished), the Fourth Circuit rejected an identical argument. Burris' counsel informed the Court that his client "only wanted to argue that the court lacked jurisdiction [to prosecute] because of his status as a Moorish American National." The Court concluded that "[t]his claim is patently frivolous." Id. at 282. See also United States v. Spaulding, 323 F. App'x 236 (4th Cir. 2009) (unpublished) (rejecting argument that court lacked jurisdiction over defendant because of his status as a "Moorish-American National." Id. For the foregoing reasons, this case will dismissed as frivolous.

**IT IS, THEREFORE, ORDERED** that Petitioner's Petition is **DENIED** and

**DISMISSED**. (Doc. No. 1).

      **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has failed to make the required showing. See 28 U.S.C. § 2253(c)(2); <u>Miller–El v. Cockrell</u>, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

      Signed: September 19, 2012

Robert J. Conrad, Jr.
Chief United States District Judge